lished facts, it may be assumed that he was on his way home. His feet were within eighteen inches of the first step, his head was driven under some flagstones and his skull was fractured. From that it may be inferred that he fell with great force from an elevated position, presumably from the bridge. Hence it may be inferred that he was crossing the bridge on his way home. If there was a space of two inches between the ends of the floor boards and the timber which constituted the upper step, and those boards sunk under the feet of persons crossing, it is easily seen that the fall of the deceased may have been caused in that way. Further, if the hand rail gave way and was broken, it may well be that the deceased man caught hold of the same when he stumbled; to save himself from a fall. All these circumstances, in connection with the testimony of the witness, have an important bearing both upon the question of the negligence of the defendants as well as the freedom therefrom of the deceased. In relation to the negligence of the city the case is reasonably plain. It had both actual and constructive notice of the defective condition of the bridge. The exceptions in the case present no errors and the judgment and order denying the motion for a new trial should be affirmed, with costs. Cullen, J., concurred; Brown, P. J., not sitting.

Isaac O. Woodruff and Others, Executors, etc., of Edwin G. Traleigh, Deceased, Respondents, v. Alfred T. Ackert, Appellant, Impleaded with Others.— Judgment affirmed, with costs.— DYKMAN, J.: This is an action to foreclose a mortgage and the defense was a counterclaim for professional services by the defendant, who is a lawyer, for the testator of the plaintiffs. The defense was disallowed by the trial judge, and the defendant has appealed from the judgment entered against him. The amount of the claim now made by the defendant is much more than sufficient to extinguish the mortgage which was made to secure the payment of $1,500. Moreover, according to the present position of the defendant, the testator of the plaintiffs owed him $1,500 and more, of which he could have demanded payment at the time when he borrowed the money, but that, instead of doing so, he applied for a loan for that amount and executed a mortgage upon his property to secure its payment. Such a transaction is so inconsistent with the methods of men of affairs, accustomed to the transaction of business, that it surpasses belief. It is inconceivable that this defendant, who was a lawyer, would apply to the plaintiffs' testator for the favor of a loan of $1,500 when he could have demanded it as a payment as a matter of right. The first charge of the defendant is under date of March, 1869, and the testator of the plaintiffs died in December, 1892, more than twenty-three years after the first date. So that the defendant allowed the Statute of Limitation to run twice over against some portion of his claim without any effort to collect the same. All the facts and circumstances of the case tend to confirm the conclusion of the trial judge that the services of the defendant were rendered without the expectation of pecuniary reward. The judgment should be affirmed, with costs. Brown, P. J., and Cullen, J., concurred.

Susan W. Hopkins and Others, Respondents, v. Sheldon L. Kent and Another, Respondents; Walter L. Kent, Appellant.— Judgment affirmed on opinion of Special Term, costs to all parties to be paid out of the estate. Cullen, J., not sitting.

Brooklyn Trust Company, Respondent, v. Mary A. Wood, Appellant.— Judgment affirmed, with costs. No opinion. All concur.

Tucker Electrical Construction Company, Respondent, v. Thomas Dobbins, Appellant.—

Judgment and order affirmed, with costs. No opinion. Cullen, J., not sitting.

David Zeiley, Respondent, v. George Palisser, Appellant.— Order affirmed, with costs, unless appellant stipulates within twenty days to reduce the damages to $1,500, and for judgment against him for $500, in which case the order will be reversed, without costs and judgment directed in favor of plaintiff for $500.—

BROWN, P. J.: This action was to recover upon a promissory note of $2,000 given in payment of the purchase price of stock in the Gilbert Hardware Company. The answer was a counterclaim for damages arising from misrepresentation concerning the property owned by the company. The jury having rendered a verdict for defendant and thus assessed the damages at a sum equal to the amount of the note, the court set the verdict aside on the ground "that the evidence affords no basis for ascertaining the damages sustained by reason that the goods manufactured by the company were not covered by any patents." The representation which induced the purchase of the stock by the defendant and which the jury found was false was that the corporation owned and controlled patents under which it manufactured its goods. Two thousand dollars had been expended on machinery by the company and this constituted substantially all the property it had. After defendant ascertained that the corporation had no patents upon the goods it manufactured, he loaned it $1,100, and took a mortgage upon its machinery, and when the business failed the mortgage was foreclosed and defendant purchased the property. He testified that he still owned it and that it was not worth to exceed $500. This sum fairly represented the value of his stock, and the jury would have been warranted in assessing the damages at the difference between that sum and the amount of the note, but not at any greater sum. If the appellant stipulates within twenty days to reduce the damages to the sum of $1,500, and for judgment against him for $500, the order will be reversed, without costs, but upon failure to file such stipulation it must be affirmed, with costs to abide the event. Dykman and Cullen, JJ., concurred.

The People of the State of New York ex rel. Edward Hazlett v. Alfred T. White, Commissioner.— Order affirmed, with costs.—

BROWN, P. J.: I advise an affirmance of the order in this case without an opinion. Relator was charged with gross carelessness in changing the reading of the water meter of the Citizens' Electric Illuminating Company in July, 1891, and in recommending the reduction of the reading. The readings from the meter appear at folio 60 of the appeal book. There is no evidence that there was anything the matter with the hand of the meter which registered hundred thousands. Without apparently any justification relator recommended a reduction of the reading of March twelfth to 542,157 feet. This was far below the register for January nineteenth. There was no complaint that the reading of December and January were wrong, and unless they were, the reading of March twelfth was about right. Relator made no examination of the matter until May, and in July reduced the reading of March 1,000,000 feet. His action is somewhat remarkable, and although he had been in the city's employ many years and bore an excellent character, the respondent had power to remove him, the facts justified it and I do not think the court ought to reverse his decision. There is no question of law in the case and nothing calling for an opinion. Dykman and Cullen, JJ., concurred.

Anthony Klemmas, Administrator, etc., v. The New York Central and Hudson River Railroad